UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

ATHENA N.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 2:19-cv-01507-CL

**OPINION AND ORDER**

---

**CLARKE**, United States Magistrate Judge:

    Plaintiff Athena N. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 25. For the reasons

---

[1] In the interest of privacy, the Court uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – Opinion and Order

provided below, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate calculation and payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB in November 2015 with an amended alleged onset date of March 3, 2015. Tr. 15.[2] Plaintiff's application was denied initially in January 2016, and again upon reconsideration in March 2016. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and hearings were held in January and August 2018. *Id.* On September 13, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 23. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 58 years old on her amended alleged onset date. Tr. 15, 28. She has a high school education and past relevant work as a bank teller. Tr. 21. Plaintiff alleges disability based on acute pancreatitis, arthritis, hyenal hernia, acid reflux, lumbar spine spondylosis, depression, and osteopenia. Tr. 214.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

---

[2] "Tr." citations are to the Administrative Record. ECF No. 12.

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is

> not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

See also *Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954–55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff last met the insured requirements of the Act on December 21, 2016, and had not engaged in substantial gainful activity between her amended alleged onset date and her last insured date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; left thumb basilar joint arthritis; right carpal tunnel syndrome; pancreatitis; and left breast stage 1 lobular carcinoma. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 19. The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform a range of light work as defined in 20 CFR 404.1567(b) except she can perform tasks that avoid climbing of ladders, ropes, or scaffolds. She can frequently stoop. She can frequently, but not constantly handle bilaterally. She must avoid exposure to vibration.

Tr. 19. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 21. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 22. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 23.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is

Case 2:19-cv-01507-CL    Document 27    Filed 02/02/23    Page 6 of 8

supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff asserts that remand is warranted for four reasons: (1) the ALJ's step-five finding establishes that Plaintiff is disabled; (2) the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; (3) the ALJ erred by improperly rejecting lay witness testimony; and (4) the ALJ's RFC assessment and vocational hypothetical were not

supported by substantial evidence. Pl.'s Br. 9–22, ECF No. 16. In the Commissioner's motion to remand, the Commissioner concedes that "the [ALJ's] decision is not supported by substantial evidence" and moves to remand for "further administrative proceedings [which] will consist of the Appeals Council finding that the [ALJ's] decision failed to identify a significant range of work and the Appeals Council issuing a fully favorable decision." Def.'s Mot. Remand, ECF No. 23. In arguing that this case should be remanded so that the Appeals Council can issue a "fully favorable decision," the Commissioner essentially concedes that this case should be remanded for an immediate payment of benefits.

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that

7 – Opinion and Order

evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors. The Commissioner concedes that the ALJ "failed to identify a significant range of work" and that the ALJ's decision "is not supported by substantial evidence." Def.'s Mot. Remand 2, ECF No. 23. As to the second and third requisites, the record has been fully developed and further proceedings would not be useful. As mentioned, the Commissioner concedes the ALJ's decision was not supported by substantial evidence and that the Ninth Circuit's decision in *Maxwell* "rendered this case no longer defensible." *Id.* (citing *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020)). Lastly, considering the record as a whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## ORDER

For the reasons set forth above, the decision of the Commissioner is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED and DATED this ___2___ day of February, 2023.

MARK D. CLARKE
United States Magistrate Judge

8 – Opinion and Order